IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYWANNA JO TAYLOR,

        Plaintiff,

v.           Case No. 25-CV-01006-JWB

MERIT SYSTEMS PROTECTION
BOARD, ARTURO VILLAGRANA
ROJAS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Gwynne E. Birzer's Report and Recommendation ("R&R") (Doc. 18) recommending Plaintiff's complaint (Doc. 16) be dismissed. The R&R faces no objections and is ripe for decision. After review, the court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

Plaintiff is a pro se litigant. (Doc. 5.) The magistrate judge's R&R was filed on July 09, 2025, and the record indicates that Plaintiff was mailed a copy of the R&R on the same day. (Doc. 18.) Plaintiff had 14 days from receipt of the R&R to file written objections to it, and if she did not timely file any objections, Plaintiff is not permitted to appeal the R&R. (Doc. 18 at 1.) More than a month and a half has elapsed since Plaintiff was mailed the R&R. No objections have been filed.

Plaintiff's failure to timely object to any portion of the R&R leaves her with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by

1

the district court ...") (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

This court agrees with the magistrate judge in concluding that Plaintiff's complaint should be dismissed for failing to state a cognizable wrongful termination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. As the magistrate judge explained, the allegations contained in Plaintiff's complaint fail to sufficiently plead a claim for wrongful termination because they are conclusory. (Doc. 18 at 8-9.) Plaintiff does not allege facts that demonstrate she is a member of a protected class, nor does she assert she was adequately performing her work prior to termination. (*Id.*) Therefore, the court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court accordingly adopts the recommendation in the R&R to dismiss the complaint.

**Conclusion**

The court ADOPTS the Magistrate Judge's R&R (Doc. 18) as the findings and conclusions of this court. Plaintiff's complaint (Doc. 16) is hereby DISMISSED for failure to state a claim. IT IS SO ORDERED. Dated this 27th day of August 2025.

s/ John Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE